UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LINDSEY PEARSON,

        Petitioner,

v.                                                     Case Number 07-15107
                                                        Honorable Thomas L. Ludington

THOMAS K. BELL,

        Respondent.
_____/

**ORDER DENYING PETITIONER A CERTIFICATE OF APPEALABILITY**

On November 30, 2007, Petitioner Lindsey Pearson, through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, arising out of a 1974 conviction and life sentence for first-degree murder. On December 13, 2007, Judge Paul V. Gadola transferred the case to the United States Court of Appeals for the Sixth Circuit as a "second or successive" petition. *See* 28 U.S.C. 2244(b)(3)(A). Judge Gadola noted that Petitioner had previously filed a federal habeas petition challenging the 1974 conviction in 1979, which was denied. *See Pearson v. Anderson*, No. 79-74844 (E.D. Mich. Dec. 4, 1980), *aff'd*, 672 F.2d 917 (table) (6th Cir. 1981).

Before the Sixth Circuit, Petitioner argued that his petition is not in fact a "second or successive" habeas petition, simply because it is "second in time." *In re Pearson*, No. 08-1960 (6th Cir. brief filed Oct. 17, 2008). Petitioner explained as follows: Petitioner's 1974 conviction for first degree murder and life sentence were originally affirmed by the Michigan Court of Appeals and the Michigan Supreme Court, *see People v. Pearson*, 232 N.W.2d 408 (Mich. Ct. App. 1975), *aff'd*, 273 N.W.2d 856 (Mich. 1979). Eventually, after the denial of his 1979 federal habeas petition, in 2005, the trial court granted a post-conviction motion filed by Petitioner, reduced his conviction to second-degree murder, and resentenced Petitioner to twenty to thirty years of imprisonment. *See*

*People v. Pearson*, No. 73-06302 (Wayne County Cir. Ct. Mar. 11, 2005). The sentencing order was stayed pending appeal. *See id.* (order entered Apr. 7, 2005). After the state appealed, the Michigan Court of Appeals reinstated the original conviction and life sentence. *See People v. Pearson*, No. 262310, 2005 WL 3481458 (Mich. Ct. App. Dec. 20, 2005), *leave to appeal denied*, No. 130517 (Mich. Nov. 30, 2006).

Petitioner characterized his 2007, "second in time" habeas petition as challenging the 2005 reinstatement of the original conviction and life sentence, rather than the 1974 conviction itself. The Sixth Circuit rejected Petitioner's argument, determined that the 2007 petition is a "second or successive" petition, and concluded that Petitioner did not "identify any new rule of constitutional law made retroactive by a decision of the Supreme Court or identify any new facts that would persuade a fact finder that he was not guilty of the charge as required by § 2244(b)(2)." *In re Pearson*, No. 08-1960 (6th Cir. Mar. 12, 2009).

Petitioner then brought a motion for reinstatement of his habeas petition pursuant to Federal Rule of Civil Procedure 60(b)(6) [Dkt. #4, as amended, Dkt. #6] and a motion to reopen the case [Dkt. # 5], which were filed March 11, 2010, through counsel. The Court issued an order denying Petitioner's motion to reopen the case, and denying Petitioner's amended motion for reinstatement of his habeas petition [Dkt. #7] on June 30, 2010. The Court found that Petitioner had not identified any extraordinary circumstances that justify relief pursuant to Rule 60(b)(6), and had not identified any intervening developments in the law or any other special circumstances that justify relief. Furthermore, Petitioner's motion was not truly seeking relief under Rule 60(b), but was instead attempting to appeal the Sixth Circuit's decision that his 2007 habeas petition was a second or successive habeas petition challenging his 1974 conviction, rather than an initial petition challenging

the 2005 reinstatement of the 1974 conviction and life sentence. On August 2, 2010, Petitioner filed a notice of appeal [Dkt. #16] of the Court's June 30, 2010 order. For the reasons provided below, the Court will deny Petitioner a certificate of appealability.

A certificate of appealability is necessary to appeal the denial of a Rule 60(b) motion for relief from judgment. *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)), petition for cert. filed, No. 10-1009, 79 U.S.L.W. 3480 (U.S. Feb. 7, 2011). "A [certificate of appealability] may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right,' 28 U.S.C. § 2253(c)(2), which the United States Supreme Court has construed to mean that an applicant must show that reasonable jurists could debate that the petition could have been resolved differently or that the claims raised deserved further review." *Id.* at 339 (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).

Reasonable jurists would not conclude that the issue raised here deserve further review. Therefore, a certificate of appealability is **DENIED**.

Accordingly, it is **ORDERED** that a certificate of appealability as to the Court's June 30, 2010 order [Dkt. #7] is **DENIED**.

                                          s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge

Dated: April 19, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Lindsey Pearson #137532, at Carson City Correctional Facility, 10522 Boyer Road, Carson City, MI 48811 by first class U.S. mail on April 19, 2011.    s/Tracy A. Jacobs
                              TRACY A. JACOBS